| | |
|---|---|
| 1 | BETH W. PETRONIO, *pro hac vice forthcoming* |
| 2 | beth.petronio@klgates.com<br>K&L GATES LLP |
| 3 | 1717 Main Street, Suite 2800<br>Dallas, TX 75201 |
| 4 | Telephone: (214) 939-5815<br>Facsimile: (214) 939-5849 |
| 5 | JASON N. HAYCOCK (SBN 278983) |
| 6 | jason.haycock@klgates.com<br>K&L GATES LLP |
| 7 | Four Embarcadero Center, Suite 1200<br>San Francisco, CA 94111 |
| 8 | Telephone: (415) 882-8200<br>Facsimile: (415) 882-8220 |
| 9 | |
| 10 | Attorneys for Defendant<br>TYLER TECHNOLOGIES, INC. |

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SANJIV N. SINGH, an individual; and SANJIV N. SINGH, A PROFESSIONAL LAW CORPORATION, a California Corporation;<br><br>Plaintiffs,<br><br>vs.<br><br>TYLER TECHNOLOGIES, INC., a Delaware Corporation; and DOES 1 THROUGH 50,<br><br>Defendants. | Case No.<br><br>**DEFENDANT TYLER TECHNOLOGIES, INC.'S NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. § 1441 – DIVERSITY JURISDICTION**<br><br>(San Mateo County Superior Court Case No. 22-CIV-00985)<br><br>Complaint Filed:  March 7, 2022<br>Trial Date:  TBD |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE THAT**, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Tyler Technologies, Inc. ("Tyler" or "Defendant") hereby removes the above-entitled action (the "State Court Action") from the Superior Court of the State of California for the County of San Mateo, to the United States District Court for the Northern District of California.  Defendant provides the following short and plain statement on the grounds for removal:

**I.   JURISDICTION**

1. The State Court Action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332 (diversity jurisdiction) and is one that may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. § 1441(b) in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

**II.   PROCEDURAL HISTORY**

2. On March 7, 2022, Plaintiffs Sanjiv N. Singh and Sanjiv N. Singh, a Professional Law Corporation (collectively "Singh" or "Plaintiffs") filed an unverified complaint (the "Complaint") against Defendant in the State Court Action, entitled *Sanjiv N. Singh, an individual; and Sanjiv N. Singh, a Professional Law Corporation, a California Corporation v. Tyler Technologies, Inc., a Delaware Corporation and Does 1 through 50,* Case Number 22-CIV-00985.

3. Plaintiffs served Defendant with a copy of the Summons and Complaint on March 8, 2022.  A true and correct copy of the Summons and Complaint is attached hereto as **Exhibit 1**.

4. The San Mateo County Superior Court issued a Notice of Assignment and Notice of Case Management Conference on March 8, 2022. A true and correct copy of the Notice of Assignment and Notice of Case Management Conference is attached hereto as **Exhibit 2**.

5. **Exhibit 1** and **Exhibit 2** constitute all the process, pleadings, and orders served upon Defendant.  *See* 28 U.S.C. § 1446(a).

**III.   CITIZENSHIP OF THE PARTIES**

6. In the Complaint, Plaintiff Sanjiv N. Singh alleges that he "has at all relevant times, resided in the county of San Mateo, State of California."  Complaint, ¶ 8.  Thus, Plaintiff is a citizen of

the State of California.  *Adams v. West Marine Products, Inc.*, 958 F.3d 1216, 1221 (9th Cir. 2020) (holding that in individual's citizenship is determined by an individual's domicile, or the place where the individual resides with the intention to remain).

7. The Complaint further states that Plaintiff Sanjiv N. Singh, a Professional Law Corporation "was at all relevant times a California corporation doing business in the State of California, specifically in San Mateo County, and is 100% owned by Sanjiv N. Singh." Complaint, ¶ 9.

8. Defendant Tyler was and is a corporation incorporated under the laws of the State of Delaware. Complaint, ¶ 10. Defendant Tyler's principal place of business is in Texas. Defendant Tyler is therefore a citizen of Delaware and Texas, but not a citizen of California. 28 U.S.C. § 1332(c)(1) (for purposes of diversity jurisdiction, "a corporation shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business"); *3123 SMB LLC v. Horn*, 880 F.3d 461, 463 (9th Cir. 2018) (stating that a corporation's principal place of business is typically defined as "the place where the corporation's high level officers direct, control, and coordinate the corporation's activities") (quoting *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010)).

9. No other defendants have been named or served in the State Court Action.

10. Plaintiffs are citizens of the State of California.  Defendant Tyler is a citizen of Delaware and Texas and is not a citizen of the State of California.  Accordingly, complete diversity of citizenship exists between Plaintiffs and Defendant both as of the time the action was commenced in state court and as of the time of this removal.

11. Although the Complaint names DOE defendants sued under fictitious names, pursuant to 28 U.S.C. § 1441(b), the citizenship of defendants sued under fictitious names is disregarded for purposes of removal jurisdiction.  *See Newcombe v. Adolf Coors Co.* 157 F3d 686, 690-91 (9th Cir. 1998).  Thus, the naming of DOE defendants 1 through 50 does not deprive this Court of jurisdiction.

### IV.   AMOUNT IN CONTROVERSY

12. "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdiction threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

13.     Defendant can establish the necessary amount in controversy based on the allegations in the Complaint, or by setting forth facts in the notice of removal that demonstrate that the amount placed in controversy by Plaintiffs exceeds the jurisdictional minimum. *Singer v. State Farm Mut. Auto Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997).

14.     The Complaint alleges three causes of action: (1) Violation of California Civil Code § 3344, (2) Defamation and Defamation Per Se, and (3) Violation of California Business and Professions Code § 17200.

15.     Each cause of action is rooted in Plaintiffs' allegations that Defendant's court management software improperly identified Singh as counsel of record in more than 900 cases in the San Mateo County court system. Complaint, ¶¶ 4-6, 20-21, 24-29.

16.     In the Complaint, Plaintiffs seek compensatory and statutory damages. In particular, Plaintiffs seek statutory damages of at least $750 under California Civil Code § 3344 for each instance of publication, which Plaintiffs allege to exceed 900 docket entries. Complaint, ¶ 28; Cal. Civ. Code § 3344(a).

17.     In addition, Plaintiff seeks punitive damages, attorney's fees, costs, and interest. Complaint, p. 18:21-19:5; *see also White v. FCI USA, Inc.*, 319 F.3d 672, 675-76 (5th Cir. 2003) (affirming district court finding that amount-in-controversy satisfied based, in part, on "lengthy list of compensatory and punitive damages . . . combined with attorney's fees[.]").

18.     Although Defendant denies all liability alleged in the Complaint, it is "facially apparent" from the Complaint that the amount in controversy significantly exceeds $75,000. *Singer v. State Farm Mut. Auto Ins. Co.*, 116 F.3d 373, 377. Therefore, removal is appropriate and proper.

V.      **REMOVAL PROCEDURE**

19.     **The Removal Venue is Proper.**  Removal to the United States District Court for the Northern District is proper because the Complaint was filed in the Superior Court of the State of California for the County of San Mateo, which is located within the jurisdiction of this District. 28 U.S.C. § 1446(a); N.D. Cal. R. 3-2(d).

20.     **The Removal is Timely.**  This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) because it is filed within 30 days of Plaintiffs serving Defendant with the initial pleading on March 8, 2022.

21.     **Notice to Plaintiff and State Court.**  Pursuant to 28 U.S.C. § 1446(d), Defendant is filing written notice of this removal with the Superior Court of the State of California for the County of San Mateo concurrently with the filing of this Notice, and will serve that notice on Plaintiffs.  A copy of the notice to be filed in state court is attached as **Exhibit 3**.

WHEREFORE, Plaintiffs' Complaint is removable to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and Defendant hereby removes this action from the Superior Court of the State of California for the County of San Mateo, to the United States District Court for the Northern District of California, and respectfully requests this Court proceed with the matter as if it had been filed originally herein.

**K&L GATES LLP**

Dated:  April 7, 2022            By:  /s/ Jason N. Haycock
                                     BETH W. PETRONIO
                                     JASON N. HAYCOCK

                                     Attorneys for Defendant
                                     TYLER TECHNOLOGIES, INC.