# EXHIBIT 1

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

<table>
<tr><td></td><td>

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

Electronically
**FILED**
by Superior Court of California, County of San Mateo
ON        3/7/2022
By        /s/ Una Finau
**Deputy Clerk**
</td></tr>
</table>

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

TYLER TECHNOLOGIES INC., a Delaware Corporation **and DOES 1 through 50**

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

SANJIV N. SINGH, an Individual; SANJIV N. SINGH, A PROFESSIONAL LAW CORPORATION, a California Corporation

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: *(El nombre y dirección de la corte es:)* | CASE NUMBER: *(Número del Caso):* 22-CIV-00985 |
|---|---|

Superior Court of San Mateo County, 400 County Center, Redwood City, CA 94063

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Sanjiv N. Singh, A Prof.Law Corp.; 1650 S. Amphlett Blvd. Suite 220, San Mateo, CA 94402 | (650) 389-2255 | admin@sanjivnsingh.com

| DATE: *(Fecha)* 03/07/2022   Neal I. Taniguchi | Clerk, by *(Secretario)* /s/ Unaloto Finau | , Deputy *(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010).)*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)          ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date)*

**Page 1 of 1**

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100  [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

SANJIV N. SINGH, A PROFESSIONAL LAW CORPORATION
Sanjiv N. Singh (SBN 193525)
1650 S. Amphlett Blvd. Suite 220
San Mateo, CA 94402
Phone: (650) 389-2255
Email: admin@sanjivnsingh.com

INDRAJANA LAW GROUP, A PROFESSIONAL LAW CORPORATION
Michael B. Indrajana (SBN 258329)
1650 S. Amphlett Blvd. Suite 220
San Mateo, CA 94402
Phone: (650) 597-0928
Email: michael@indrajana.com

Electronically
**FILED**
by Superior Court of California, County of San Mateo
ON       3/7/2022
By_____/s/ Una Finau_____
                 Deputy Clerk

Attorneys for Plaintiff SANJIV N. SINGH and SANJIV N. SINGH, A PROFESSIONAL LAW
CORPORATION

## IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

## IN AND FOR THE COUNTY OF SAN MATEO

## UNLIMITED JURISDICTION

| | |
|---|---|
| SANJIV N. SINGH, an individual; and SANJIV N. SINGH, A PROFESSIONAL LAW CORPORATION, a California Corporation;<br><br>      Plaintiffs,<br><br>      v.<br><br>TYLER TECHNOLOGIES, INC., a Delaware Corporation;<br><br>and DOES 1 through 50,<br><br>      Defendants. | Case No.:    22-CIV-00985<br><br>**COMPLAINT FOR DAMAGES AND OTHER RELIEF**<br><br>1. VIOLATION OF CALIFORNIA CIVIL CODE §3344 ET SEQ.<br>2. DEFAMATION AND DEFAMATION PER SE.<br>3. VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE §17200 ET SEQ.<br><br>**JURY TRIAL DEMANDED** |

Plaintiffs SANJIV N. SINGH and SANJIV N. SINGH, A PROFESSIONAL LAW CORPORATION ("Plaintiffs"), through their counsel Sanjiv N. Singh, A Professional Law Corporation and Indrajana Law Group, A Professional Law Corporation, bring this action against Defendant TYLER TECHNOLOGIES INC. ("Defendant" or "TYLER") for violation of California Civil Code Section 3344, defamation, defamation per se, and violation of California Business and Professions Code Section 17200, and allege, on information and belief, as follows:

## I.   INTRODUCTION

1.      Defendant TYLER TECHNOLOGIES is a billion-dollar company with offices in multiple cities across the United States including California. As TYLER advertises on its own website, it provides a suite of software services and platforms to government agency customers across the United States. TYLER advertises to the public that it operates and provides cloud-based data platforms for multiple government agencies.

2.      At some point in time, TYLER took over the public access and management of data for various California Superior Courts. On platforms it controls and hosts, with numerous logos and copy advertising to the public that the data platform is "powered by Tyler Technologies," Defendant TYLER's products display data to the public, attorneys, courts, and others in connection with each and every case pending in particular jurisdictions. TYLER'S products use individual attorney names to populate fields to indicate who is counsel of record for a particular matter and whom they represent. Such information is vital to the public, to the Courts, to parties litigating, and to attorneys.

3.      Plaintiff SANJIV N. SINGH is an experienced litigator who has practiced law for over 24 years. For nearly two decades, Plaintiff SINGH's practice has focused on complex civil litigation. As noted on the SANJIV N. SINGH, A PROF. LAW CORP. website, his practice is focused on advocacy for individuals, families, and corporations who have suffered catastrophic losses, injury or who have been the victims of misconduct or malfeasance. Plaintiff SANJIV N. SINGH, A PROF. LAW CORP. was founded by Plaintiff SINGH in 2002 after he left the global firm Skadden Arps where he was one of the early attorneys in Skadden's Palo Alto office. Plaintiff SINGH has been interviewed and quoted by major news agencies including *The New York Times*, *BBC,* and *Bloomberg*. He has published in

the *New England Journal of Medicine* and the *AMA's Journal of Ethics*, been a panelist at the Bar Association of San Francisco, and has been an invited peer reviewer for publications. He was most recently featured for his work leading lawsuits against Boeing on behalf of multiple Boeing 737 Max victim families in the critically acclaimed Doubleday book *Flying Blind* by Peter Robison, now considered the definitive account of the Boeing 737 Max catastrophes.

4.     Against this backdrop, in 2021, Plaintiff SINGH had two cases in Yolo County Superior Court and otherwise, due to the nature of his cases and geographic location, Plaintiff SINGH did not regularly practice in Yolo County. Around this time, Plaintiff SINGH was notified that his name had mistakenly appeared in another matter. Upon inquiry, a clerk at the Yolo County Superior Court indicated to Plaintiff SINGH that an outside vendor (later represented by Yolo County to be Tyler Technologies) had made a mistake when porting data to TYLER's platform; both the Court and Plaintiff SINGH were left with the impression it was an isolated mistake. The Court indicated that it was notifying the outside vendor of the issue.

5.     However, by 2022, Plaintiff SINGH was receiving notices in connection with multiple cases he did not recognize, and with alarming frequency. Testing a suspicion that the issue was widespread, Plaintiff SINGH's colleague, a long time co-counsel who had collaborated with Plaintiff SINGH on multiple Boeing cases, ran a search for Plaintiff SINGH's name in Yolo County's Online Case Search powered by Tyler Technologies, and discovered that Plaintiff SINGH's name literally stalled the online platform's search engine, prompted a message indicating more search results than could be displayed, and was startled to find out that Plaintiff SINGH was listed as counsel of record for what was at that time an unknown and large number of cases in Yolo County. The TYLER online platform for Yolo County's online case records was displaying Plaintiff SINGH's name incorrectly to other attorneys, the public, and the Court, and anyone who used their platform. The reason for the increasing frequency of notices and emails from other attorneys on unknown cases was now readily apparent. Plaintiff SINGH was depicted on the database as an attorney representing large government agencies, institutions, individuals in probate matters, plaintiffs and defendants in motor vehicle disputes, conservatorships, and the list goes on. Plaintiff SINGH was also shown as counsel of record in numerous matters with upcoming hearings in front of several Yolo County Superior Court Judges.

6.      It appeared that TYLER, even though aware of the issue in 2021, had allowed Plaintiff SINGH's name to remain in their defective product. As set forth in greater detail below, it is alleged that the billion-dollar corporation TYLER knowingly allowed this error to continue, allowing Plaintiff SINGH's name to appear in hundreds of records, such that as of March 3, 2022, Plaintiff SINGH's name remained incorrectly presented, inaccurately portrayed, and confusingly shown to members of the public, named parties, other attorneys, the Yolo County Superior Court, and other third parties.

7.      This lawsuit will aim to hold TYLER accountable for the conduct alleged above. Shockingly, and as set forth in great detail below, TYLER has shown repeated and callous disregard for the professional life and reputation of Plaintiff SINGH. Investigation of public records suggests that TYLER has also historically shown callous and repeated disregard for the integrity of information and data powering some of the most critical government departments—the Superior Courts of counties in the State of California.[1] Indeed, while this lawsuit will seek to hold TYLER accountable seeking compensatory, statutory, and punitive damages, this is not the first time TYLER is alleged to have caused catastrophic injury to private individuals because of data improperly entered, displayed, and/or processed in its systems. This makes TYLER's conduct that much more outrageous and intolerable—this lawsuit therefore aims to not simply hold TYLER accountable but to also shed light on the deep systemic issues.  TYLER's conduct here raises concerning questions as to why the State of California allows this entity to provide critical data services to its government agencies.

## II.  THE PARTIES

8.      Plaintiff SANJIV N. SINGH., has at all relevant times, resided in the county of San Mateo, State of California. Plaintiff is an attorney who has practiced law in the State of California for more than 24 years.

9.      Plaintiff SANJIV N. SINGH, A PROFESSIONAL LAW CORPORATION, was at all relevant times a California corporation doing business in the State of California, specifically in San Mateo County, and is 100% owned by Sanjiv N. Singh.

10.      Defendant TYLER TECHNOLOGIES, INC. ("TYLER") was at all relevant times a Delaware

[1] See e.g., Notice of Motion to Compel an Accurate and Contemporaneous Record of Court Proceedings filed by Chief Public Defender Brendon D. Woods in Superior Court of California, October 8, 2016.

Corporation who does business throughout the state of California and has multiple offices in California. Defendant TYLER TECHNOLOGIES purports to be a leading provider of government software, including the majority of California courts.

11.     The true names and capacities, whether individual, corporate, partnership, associate or otherwise, of Defendant DOES 1 through 50, inclusive ("Doe Defendants"), are unknown to Plaintiffs. Therefore, Plaintiffs sue these Doe Defendants by such fictitious names under California Code of Civil Procedure Section 474. Plaintiffs will amend this Complaint to allege their true names and capacities when they are ascertained. Collectively and individually, the named Defendant and DOES 1 through 50 are referred to as "Defendants."

12.     Each Defendant named in this Complaint, including each of the Doe Defendants, is responsible in some manner for one or more of the events and happenings described herein. Each Defendant proximately caused the injuries and damages alleged.

### III. JURISDICTION AND VENUE

13.     **Jurisdiction.** This Court has jurisdiction over this action pursuant to Section 410.10 of the California Code of Civil Procedure. Plaintiffs bring this action to recover damages and other relief available at law or in equity. All acts and omissions complained of in this action took place in the State of California.

14.     **Venue**. Venue is proper in this Court pursuant to Sections 395 and 395.5 of the California Code of Civil Procedure. The injuries to the persons complained of herein occurred in the county in which this action was filed. At all relevant times, Defendant transacts business throughout the State of California. The course of conduct, breaches, violations, and unlawful patterns and practices alleged herein occurred in this county.

### IV. FACTUAL ALLEGATIONS

**A.  Plaintiff Sanjiv N. Singh's Professional Background.**

15.     Plaintiff Sanjiv N. Singh has practiced law for more than 24 years, with a recognized, successful practice focused on catastrophic loss and corporate malfeasance. Plaintiff SINGH has prosecuted numerous high-profile lawsuits against defendants in areas related to construction safety,

child safety, whistleblowing, health care fraud, commercial defamation, wrongful death, aviation safety, and corporate malfeasance. His work has been recognized in books and publications, and he has been quoted by *The New York Times*, *Bloomberg*, *BBC*, and others. His groundbreaking work on aviation liability releases in global catastrophes such as the 737 Max litigation was detailed in the critically acclaimed book *Flying Blind* (Doubleday) by Peter Robison, and in a televised and print expose by Panorama produced by the BBC. Plaintiff SINGH also has a niche practice drawing on his training and experience as a UCSF and Stanford trained internal medicine and emergency physician— he has represented healthcare trainees, physicians, medical students, fellows, and researchers across the country in various kinds of cases relating to misconduct by departmental heads, harassment, ACGME violations, NRMP violations and investigations, and medical board proceedings. Like other successful attorneys, Plaintiff SINGH worked for many years to grow a particular practice focus. His reputation is based on the work he performs and the public record of that work. There is only one attorney named Sanjiv Singh in the State of California, and that is Plaintiff SINGH. It is believed that Plaintiff SINGH is the only attorney with his name actively practicing in the United States.

16.    Plaintiff SINGH does not handle probate matters or conservatorships, and does not represent government entities or very large corporations (indeed, more often he is suing them). Where he has taken defense work, it is for select grandfathered or close clients whom he knows well and where he has vetted the nature of the matter. Plaintiff SINGH and his practice **do not** represent banks, government entities, or large companies in actions against individuals. Plaintiff Singh does not practice family law, wills and trusts, or conservatorship law.

**B. Defendant Tyler Technologies' Highly Lucrative Contracts with The California Judicial Council.**

17.    On March 1, 2019, the California Judicial Council entered into a Master Agreement with Tyler Technologies Inc. As is evidenced from the Agreement, the various counties of the State of California including Yolo County collectively have been paying Defendant TYLER millions of dollars to provide cloud-based online data platforms and public access to online court records which are supposed to accurately display critical party, attorney, and case information to the public, the courts, and other agencies. Taxpayer dollars directly fund the TYLER licenses to the California court system.

18.     In Yolo County, the transition process from a previous system to the TYLER TECHNOLOGIES system is believed to have commenced in or around June 2019. On information and belief, TYLER TECHNOLOGIES was hired to complete this transition and provided a cloud-based platform product for the general public online access to Yolo County Superior Court's civil case information and filing. The product, by its nature, uses names of parties, counsel, and judges, and is relied upon by the general public as an accurate reflection of Yolo County Superior Court's records for various civil proceedings.

**C. Defendant Tyler Technologies' Rampant Dissemination and Use of the Name "Sanjiv N. Singh."**

19.     In 2019, Plaintiff SINGH had only one case in Yolo County Superior Court, which is a medical malpractice case. In July of 2020, Mr. Singh assumed representation of one other client for a defense matter that was supposed to go to arbitration, but which was filed by the plaintiff in that matter in Yolo County Superior Court. These are the only two cases Mr. Singh has had in the Yolo County Superior Court system through the present day.

20.     Beginning in or around October 2021, Plaintiff SINGH began receiving notices on cases he did not recognize. At first, there were only believed to be a few. The Court in good faith informed Plaintiff SINGH that they believed it was an error from their third-party vendor, and assured Plaintiff SINGH that the issue was corrected. Because it was inconceivable that government records would be incorrect to the degree later discovered, Plaintiff SINGH accepted this assurance. In one of the cases, he informed the various attorneys of record that he was not counsel of record. Because those attorneys used File & ServeXpress, which appeared to rely on the Yolo County Superior Court's online case records hosted on TYLER's platform, they stated that they could not remove Plaintiff SINGH's name. The Yolo County Superior Court clerk's office assured Plaintiff SINGH that it would be addressed.

21.     Indeed, unbeknownst to Plaintiff Singh, the extent to which his name was used improperly, by and in the TYLER hosted Yolo County Superior Court online case records platform, was more than either the Yolo County court or Mr. Singh realized. At some point in 2022, Plaintiff Singh's office began receiving an increased number of notices from other cases including probate matters, contract matters, and others. Based on this, one of Mr. Singh's colleagues from another matter who heard of

the issue and was shocked decided to run a query on Mr. Singh's name on the Yolo County online case search interface operated by TYLER. The results were shocking. The online portal actually showed a notable delay in running the query, generated a warning that it could only generate 200 results and that there may be more. Below are illustrative examples.

(a)     Plaintiff SINGH was shown as counsel of record in multiple cases in the Yolo County Online Case Records, and the search result expressly suggested there were more results than could be displayed (the print-out of the limited display is attached to this Complaint as **<u>Exhibit 1</u>**):



**Party Search Results**

The search returned 200 cases that have been grouped by party name, but could have returned more. Please narrow the search by entering more precise criteria.

| Name | ∨ | Date of Birth | ∨ |
|---|---|---|---|
| SINGH, SANJIV N | | | |
| | | Cases (199) | |
| | | Judgments (0) | |

(b)     Many of the case types fell outside the scope of work that Plaintiff SINGH does or has ever done, including probate work and conservatorships, which can be seen in the search result screenshot attached to this Complaint as **<u>Exhibit 1</u>**.

(c)     Additional searches showed Plaintiff SINGH having multiple upcoming hearing appearances, including before judges who preside over the two cases in which Plaintiff SINGH is counsel of record. A sample screenshot of the March 2022 list for matters in which Plaintiff SINGH is incorrectly listed as counsel and scheduled for appearance is provided on the following page:

COMPLAINT FOR DAMAGES

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## Hearing Search Results

Hearings for Attorney Name **sanjiv singh** between **2/28/2022** and **4/1/2022**

| Case Number | Style / Defendant | Case Type | Date / Time | Hearing Type | Judge | Cou |
|---|---|---|---|---|---|---|
| PR-2017-137 | CONSERVATORSHIP OF TABAREZ | Conservatorship | 3/3/2022 9:00 AM | *Other Hearing | Wolk, Daniel M | Dep 9 |
| CV-2020-617 | ROMINGER VS ROMINGER | 06: Unlimited Breach of Contract/Warranty | 3/4/2022 9:00 AM | *Motion | Wolk, Daniel M | Dep 9 |
| CV-2017-1747 | REMARCK PARTNERS LLC VS GIBSON CENTER LP | 06: Unlimited Breach of Contract/Warranty | 3/11/2022 9:00 AM | *Motion | Wolk, Daniel M | Dep 9 |
| CV-2017-1747 | REMARCK PARTNERS LLC VS GIBSON CENTER LP | 06: Unlimited Breach of Contract/Warranty | 3/11/2022 9:00 AM | *Motion | Wolk, Daniel M | Dep 9 |
| CV-2020-586 | AG LINK, INC. VS. B.N.W. LOGISTICS TRANSPORT, INC. | 06: Unlimited Breach of Contract/Warranty | 3/14/2022 9:00 AM | *Trial Readiness Conference | McAdam, Samuel T. | Dep 10 |
| CV-2020-750 | ZENITH INS COMPANY VS. PREMIER AG | 23: Unlimited Other PI/PD/WD | 3/14/2022 10:30 AM | *Trial: Jury | McAdam, Samuel T. | Dep 10 |
| CV-2017-1747 | REMARCK PARTNERS LLC VS GIBSON CENTER LP | 06: Unlimited Breach of Contract/Warranty | 3/14/2022 10:30 AM | *Trial: Court | Wolk, Daniel M | Dep 9 |
| CV-2020-949 | WALKER VS NOR-CAL PIPELINE SERVICES | 15: Unlimited Other Employment | 3/17/2022 9:00 AM | *Trial Readiness Conference | Wolk, Daniel M | Dep 9 |
| CV-2020-586 | AG LINK, INC. VS. B.N.W. LOGISTICS TRANSPORT, INC. | 06: Unlimited Breach of Contract/Warranty | 3/17/2022 9:00 AM | *Motion | McAdam, Samuel T. | Dep 10 |
| PR-2020-121 | CONSERVATORSHIP OF CHARLES | Conservatorship | 3/21/2022 9:00 AM | *Review | Wolk, Daniel M | Dep 9 |
| FL-2018-934 | DUNSTON VS. DUNSTON | Dissolution Without Minor Children | 3/23/2022 9:00 AM | *Trial Setting Conference | Cortes, Sonia | Dep 4 |
| CV-2020-617 | ROMINGER VS ROMINGER | 06: Unlimited Breach of | 4/1/2022 9:00 AM | *Trial Readiness | Wolk, Daniel M | Dep 9 |

2/28/2022, 10:32 AM

COMPLAINT FOR DAMAGES

(d)     In one egregious instance, Plaintiff SINGH's name was listed as attorney of record for the Yolo County District Attorney Office.

(e)     In another equally, if not more egregious instance, Plaintiff SINGH was listed as attorney of record for both Plaintiff and Defendant in the same matter.

22.     As of the filing of this Complaint, the damage to Plaintiffs has been propagated across the internet. Specifically, Plaintiff SINGH has discovered that other third-party publications have picked up the erroneous Yolo County court records and have published them on their own online platforms. In one platform, Plaintiff SINGH was able to see at least two dozen erroneous entries imported from the Yolo County Superior Court online records operated by TYLER. In one egregious instance, the third-party platform publishes erroneous court records based on a January 12, 2022 data pull, suggesting that Plaintiff SINGH represents large financial institutions in cases against individuals. ***This is the literal antithesis of Plaintiff SINGH's practice profile***:

**trellis**          Smart Search   Verdict Search (NEW)   Judge Analytics   Motions & Issues   State Rules

BANK OF AMERICA, N.A. VS. GARCIA

CASE LAST REFRESHED: 1 MONTH AGO    🗘 Track Case Changes

⬇ Download Docket    🖨 Print Docket

On a case was filed by (Subcribe to view) represented by (Subcribe to view) against (Subcribe to view) in the jurisdiction of Yolo County.

### Case Details

| CASE NUMBER | CATEGORY | CASE CYCLE TIME |
|---|---|---|
| (Subscribe to View)  🗘 Track Case Changes | 06: Limited Breach of Contract/Warranty - 10,000 to 25,000 | 90 days |
| FILING DATE | PRACTICE AREA | TIME TO MANAGEMENT |
| March 02, 2018 | Commercial | 388 days |
| LAST REFRESHED | MATTER TYPE | TIME TO FIRST DISSMISAL ORDER |
| January 12, 2022 | Breach of Contract | 90 days |
| FILING LOCATION | CASE OUTCOME TYPE | VERDICT |
| Yolo County, CA | Judgment | Unclassified |

### Parties

| Plaintiffs | Attorneys For Plaintiffs | Defendants |
|---|---|---|
| Bank Of America, N.A.  🔔 | Singh, Sanjiv N  🔔 | Garcia, Ernesto |

23.     It is notable that in some instances it has been observed that attorneys and third parties are not willing to believe that the record is in error, and demand explanation or further explanation. Attorneys have not removed Plaintiff SINGH'S name from their service list even after they were informed of the mistake by Mr. Singh. In some instances, it is likely that third parties and other counsel in multiple instances believed Plaintiff SINGH and his practice were counsel of record but not appearing at hearings (i.e., was being unprofessional) or that Plaintiff SINGH and his practice had tried to take over representation without following proper procedural protocol.

24.     On or around Wednesday, February 16, 2022, Plaintiff SINGH and his colleague called the Yolo County Clerk's office and discussed the matter with a representative. She acknowledged, as had been stated before, that there was a known problem with porting of data by a vendor and specifically referenced TYLER. She seemed unaware of how many cases had been affected and seemed to have the same impression Plaintiff SINGH had in 2020 that it was only limited to two or three cases. She was polite and professional, took information, and asked Plaintiff SINGH to email additional information, which he did.

25.     During the week of February 28, 2022, Counselor Singh contacted Andrea Fravert, "Group" General Counsel for TYLER, through her LinkedIn profile using Plaintiff SINGH's private LinkedIn messaging requesting explanation and demanding action by TYLER. Plaintiff SINGH's message was fairly detailed and requested assistance. Plaintiff SINGH used LinkedIn to contact Ms. Fravert because TYLER does not make its senior management's emails readily available.

26.     Ms. Fravert sent the following one-line response with no sign, at least at that time, of willingness to help or acknowledgement of the gravity of the situation:

            Please send this message to my work email andrea.fravert@tylertech.com.

27.     On March 2, 2022, Plaintiff SINGH emailed Ms. Fravert twice at the email above, imploring TYLER for immediate assistance. At this point, Plaintiff SINGH mentioned a possible 200+ cases improperly displaying his name because on that date that was all he knew.

28.     However, on March 3, 2022, Plaintiff SINGH contacted Yolo County again for an update as

to what Yolo County had been able to determine. Yolo County indicated that they had reached out to TYLER, but stated expressly that they were not getting meaningful response. At that point, Yolo County made a shocking disclosure to Plaintiff SINGH: ***that his name was incorrectly appearing in over 900 records and that it had taken them two weeks attempting to fix the issue themselves, and they had only fixed approximately 200 records***. They stated their belief that TYLER should have fixed it and that it was TYLER's mistake. The same representative also indicated TYLER was nonresponsive and not assisting, consistent with TYLER's track record in publicly available documents.

29.     By March 4, 2022, Plaintiff SINGH's team sent a representative to Yolo County. The representative obtained copies of some of the court records the Court had in its possession showing the errors, and the clerk informed Plaintiff SINGH's co-counsel by telephone that she believed this could not be the error of Yolo County since the TYLER database was based on actual court filed documents. Public documents show that in past engagements, the Los Angeles office (or a facility) of TYLER had been used to scan and upload documents from which data was apparently extracted for use on the TYLER platform. It is unknown at the present time how TYLER transitioned YOLO to its platform, and what steps it took to ensure data accuracy and integrity.

30.     That same day on March 4, 2022, Plaintiff SINGH attempted to view the online TYLER cloud platform for Yolo County Superior Court, and discovered that the Yolo County Superior Court Online Services maintained by TYLER was suddenly unavailable for public viewing. The attempt to visit the platform generated this result as seen in the screenshot on the following page:

31.     On March 6, 2022, Ms. Fravert finally responded, but despite being a large company with vast resources, had no specific information to share with Mr. Singh and requested until March 11 to provide an update. Her message suggested that she did not know, as of Sunday March 6, 2022, the exact status of the issue or who was working to resolve it—indeed she instead indicated she needed to follow up on those issues to determine the information. As of the filing of this Complaint on March 7, 2022, the Yolo County Online Services hosted by TYLER is still down and cannot be reached by the public. Mr. Singh's name has been propagated into incorrect case records across the internet, even while the TYLER system is down.

## V. CAUSES OF ACTION

Plaintiffs allege, individually or collectively as indicated, the following causes of actions:

## FIRST CAUSE OF ACTION

### (Violation of California Civil Code Section 3344 Asserted by Plaintiff SINGH against Defendant TYLER TECHNOLOGIES)

30.     That Plaintiff SINGH re-alleges and incorporates by reference each and every paragraph set forth above;

31.     That Defendant TYLER TECHNOLOGIES knowingly used and published Plaintiff SINGH's name incorrectly on its Yolo County Superior Court online case information website, which is displayed to court employees, the public, and other attorneys;

32.     That the use did not occur in connection with a news, public affairs, or sports broadcast or account, or with a political campaign;

33.     That Defendant TYLER TECHNOLOGIES did not have Plaintiff SINGH's consent, and in fact Plaintiff SINGH's identification of a problem of incorrect records had been brought to its attention on multiple occasions;

34.     That Defendant TYLER TECHNOLOGIES' use of Plaintiff SINGH's name

was directly connected to Defendant TYLER TECHNOLOGIES' commercial purpose because Plaintiff SINGH's name was used effectively as a placeholder name for counsel of record for multiple cases (900+ cases), and Defendant TYLER knowingly allowed this to continue even after the mistake was brought to its attention rather than disrupting its service and risking loss of revenue for itself. In other words, TYLER chose to and/or knowingly allowed an attorney's name to erroneously remain in its database in records where it did not belong rather than take down the site to correct the problem, and did this for specific commercial gain. Moreover, Defendant TYLER's platform uses attorney names as part of its function to display online court records for public view, and Defendant TYLER specifically charges significant license fees and maintenance fees to Yolo County Superior Court and other California courts that use its software to operate the online court case data portals, and charges said courts and agencies significant fees for providing public access to the names of cases, parties, and attorneys. The names of the attorneys are therefore a critical part of TYLER's commercial model, and a critical data point in each record put out on the TYLER platform;

35.    That Plaintiff SINGH was harmed by the aforementioned conduct in multiple ways including but not limited to: (i) Plaintiff SINGH's name was displayed to the public and other counsel in areas of law and in a capacity inconsistent with Plaintiff SINGH's professional record and practice focus; (ii) Plaintiff SINGH's name was used in a way that required him to respond to notices and attempt to persuade third parties relying on the information to not believe it, disregard it, or correct it, with some of the third parties choosing to believe TYLER's website rather than take Plaintiff SINGH's word for it; (iii) the erroneous hearing dates created significant stress and concern for Plaintiff SINGH that courts and court officers would see his name for scheduled hearings and that non appearances would affect his reputation and track record with the Court; (iv)  Plaintiff SINGH's name was presented in a manner that made him appear unresponsive, unprofessional, or inept to individuals wondering why a supposed counsel of record was not actively attempting to litigate a case; (v) Plaintiff SINGH's office has had to follow up on numerous third party communications, expending significant hours and manpower to address the distribution of incorrect information; and (vi) the improper use of Plaintiff SINGH's name is now propagated across the internet because the

incorrect data is being shared by TYLER TECHNOLOGIES through its platform that allows the data to be collected and shared across multiple independent case information portals;

36.     That Defendant TYLER TECHNOLOGIES' conduct was a substantial factor in causing Plaintiff SINGH's harm.

WHEREFORE, Plaintiff SINGH seeks judgment and damages against Defendant as set forth below.

## SECOND CAUSE OF ACTION

### (Defamation and Defamation Per Se Asserted by Plaintiffs Against Defendant TYLER TECHNOLOGIES)

37.     That Plaintiffs re-allege and incorporate by reference each and every paragraph set forth above;

38.     That Defendant TYLER TECHNOLOGIES, despite knowing that Plaintiff SINGH's name was used repeatedly in its cloud platform in cases where it did not belong, continued to publish the records containing Plaintiff SINGH's name, and continued to allow access to the records by the public, the Court, and other third parties;

39.     That the erroneous records portrayed Plaintiff SINGH in a manner inconsistent with his long-established professional practice profile, and moreover, depicted Plaintiff SINGH negatively by having him appear as counsel of record in the record without his knowledge such that he could not respond to the matter, having him appear incompetent, unprofessional, and or nonresponsive to third parties;

40.     That multiple third parties viewed the records and raised questions about Plaintiff SINGH's practice and/or SANJIV N. SINGH, A PROF. LAW CORP., including questions from attorneys wondering why Plaintiff SINGH or his office had not responded and, in some instances, leading attorneys who were actually counsel of record to question whether or conclude that Plaintiff SINGH or his office may have improperly taken over representation without notifying actual counsel of record. The records also appeared in some instances as though Plaintiff SINGH or his law practice office SANJIV N. SINGH, A PROF. LAW CORP. were incompetent with electronic filing, because Plaintiff SINGH would appear as counsel of record for both Plaintiff and Defendant in a single case;

41.     That Defendant TYLER TECHNOLOGIES' defamatory publication of Plaintiff SINGH's

name was carried out knowingly and in bad faith because after they were alerted that Plaintiff SINGH's name was appearing in records erroneously, Defendant chose to leave the records online, failed to respond to the Court who was requesting help to fix the TYLER platform, and ignored the issue;

42.     That Defendant TYLER TECHNOLOGIES' defamatory publication of Plaintiff SINGH's name is further propagated to third party publications through Tyler Technologies' online platform;

43.     That attorneys and others who viewed the records reasonably understood that the incorrect records concern Plaintiff SINGH and SANJIV N. SINGH, A PROF. LAW CORP., because third parties have actually sent notices, left voicemails, sent emails, and electronically served Plaintiff SINGH and his practice. Indeed, the belief was so significant that in some cases, that attorneys did not take steps to correct their own records, seeming in some cases to think that Mr. SINGH was trying to remove himself inappropriately or not willing to believe that the record was wrong. Certain third-party vendors, despite being informed of the mistake, chose to believe the TYLER platform rather than attorneys notifying them of the error and stated that Plaintiff SINGH would have to personally contact and inform them, or they would not remove his name. It is likely that third parties and other counsel in multiple instances believed Plaintiff SINGH and his practice were counsel of record but not appearing at hearings (i.e., was being unprofessional) or that Plaintiff SINGH and his practice had tried to take over representation without following proper procedural protocol of new counsel making a new appearance;

44.     That the appearance of Plaintiff SINGH's name, and by implication his practice, in the record was false and defamatory and were made with Defendant's knowledge;

45.     That Defendant TYLER TECHNOLOGIES failed to exercise reasonable care to correct the false statements, and actually continued to publish them and make them available to the public, further continuing the injury to Plaintiff SINGH's reputation;

46.     That as a result of Defendant's false and defamatory statements about Plaintiffs, Plaintiffs have suffered significant injury to their reputation. In addition, Plaintiff SINGH individually has suffered distress and anxiety because of the false and defamatory statements, worrying about the impact of the statements in the Court, to third parties (some of whom questioned his conduct when they thought he appeared improperly in a case without proper process), and to his professional practice profile and the

proliferation of the incorrect data to other third-party case data collection and service vendors. Alternatively, the publication of Plaintiff SINGH's name and his practice's name in certain records in a manner clearly inconsistent with his practice profile (thereby raising the question of whether Mr. Singh's asserted practice focus is truthful) and/or in a manner seeming to reflect incompetent filing practices by Plaintiff SINGH or his practice, constitutes defamation per se and was harmful on their face;

47.     That Defendant's false and defamatory publication of Plaintiff SINGH'S name and his practice's name/information was in bad faith after Defendant knew of the mistake but allowed the continued false information about Plaintiff SINGH and his practice to disseminate. This gives rise, in addition to special and presumed general damages as a result of defamation and defamation per se, to punitive damages; and

48.     There is no applicable privilege that Defendant can rely on as a defense to its publication of false information about Plaintiffs.

WHEREFORE, Plaintiffs seek judgment and damages against Defendant as set forth below.

## THIRD CAUSE OF ACTION

**(Unfair Business Practices—Violation of Business and Professions Code Sections 17200 et seq. Asserted by Plaintiffs Against Defendant TYLER TECHNOLOGIES)**

49.     That Plaintiffs re-allege and incorporate by reference each and every paragraph set forth above;

50.     That Defendant's knowing, intentional and reckless conduct, including but not limited to, the knowing and reckless use of SANJIV N. SINGH's name in records unrelated to Mr. SINGH or his practice, constitutes unlawful, unfair, and fraudulent business practices in violation of, *inter alia*, California Business and Professions Code § 17200, et seq.;

51.     That specifically, Defendant's conduct was unlawful and unfair, violating California Civil Code § 3344, and further constitutes unlawful business practices under California Business and Professions Code § 17200;

52.     Moreover, that Defendant's conduct in knowingly continuing to publish incorrect records with the name SANJIV N. SINGH was immoral, unethical, oppressive, and unscrupulous, constituting unfair business practices under California Business and Professions Code § 17200. Defendant's

misconduct, as previously alleged, constitutes an "unfair business practice" or act within the meaning of Section 17200 of the UCL, because it violates the strong public policy of protecting the data integrity of government records upon which Courts, the public, attorneys, and their clients rely;

53.     That Plaintiffs have suffered harm to reputation, professional record, actual loss of time and costs and expenses to take corrective measures, among other losses, as a result of Defendant's conduct;

54.     That said Defendant's conduct was a substantial factor in causing Plaintiffs' harm; and

55.     That pursuant to California Business and Professions Code § 17203, Plaintiffs seek an order enjoining Defendant from engaging in further unlawful or unlawful acts, and an order requiring Defendant to immediately cease use of the name SANJIV N. SINGH except where it is correctly indicated and an order requiring Defendant to designate resources for taking all steps to correct the appearance of SANJIV N. SINGH's name in any third party records as a result of the rampant error in TYLER's Yolo County Superior Court online court records system.

WHEREFORE, Plaintiffs seek judgment and damages against Defendant as set forth below.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs prays for judgment against Defendant as follows:

A.  For a permanent and mandatory injunction forbidding Defendant from using Plaintiff SINGH's name or the name of his practice in any court record where it is not supposed to be, and requiring Defendant to indemnify Plaintiff for future corrective costs required to address the propagated incorrect data;

B.  For compensatory damages including costs and expenses incurred as a result of Plaintiffs having to repeatedly address the repeated use of Plaintiff SINGH's name and his practice's name incorrectly listed in TYLER's online court records system (including Yolo County Superior Court online case records);

C.  For statutory damages including those owed under California Civil Code Section 3344 **for each instance of publication** of Plaintiff SINGH's name in a distinct and separate court case exhibited on the TYLER online cloud platforms for commercial purpose without his consent;

D.  For punitive damages according to proof against Defendant where applicable, including for

1    violation of California Code Section 3344 and pursuant to California Business and Professions

2    Code Section 17200;

3  E.  For an award of reasonable attorneys' fees and costs;

4  F.  For statutory prejudgment interest;

5  G.  For all costs of suit; and

6  H.  For other and further relief as the Court deems just and proper.

7

8  Respectfully Submitted,

9

10  DATED:  March 7, 2022                    SANJIV N. SINGH, A PROFESSIONAL LAW
                                             CORPORATION

11

12

13                            By:  _____

14                                 SANJIV N. SINGH

15

16                                 INDRAJANA LAW GROUP, A
                                   PROFESSIONAL LAW CORPORATION

17

18                            By:  _____

19                                 MICHAEL B. INDRAJANA

20                                 Attorneys for Plaintiffs SANJIV N. SINGH and
                                   SANJIV N. SINGH, A PROF. LAW CORP.

21

22

23

24

25

26

27

28

---

19

COMPLAINT FOR DAMAGES

EXHIBIT 1

https://portal-cayolo.tylertech.cloud/Portal/Home/WorkspaceMode?p=0                                                                                                      03/02/2022

 **Superior Court of California - County of Yolo**                                                                                Register / Sign In 👤 ▾


1 — Smart Search          2 — Search Results

## Party Search Results                                                                                                    [ Print ]

The search returned 200 cases that have been grouped by party name, but could have returned more. Please narrow the search by entering more precise criteria.

| Name | | Date of Birth | |
|---|---|---|---|

▼ **SINGH, SANJIV N**

Cases (199)
Judgments (0)

**Cases**

| Case Number | Type | Status | Party Name | Party Type |
|---|---|---|---|---|
| CV-2020-1115 | 23: Unlimited Other PI/PD/WD | Active | PACIFIC VALLEY AVIATION | Defendant |
| CV-2020-1101 | 26: Unlimited Other Real Property | Closed | WELLS FARGO BANK | Defendant |
| CV-2020-1088 | 22: Unlimited Auto | Active | MARSH, JASON TODD | Defendant |
| CV-2020-1112 | 06: Limited Breach of Contract/Warranty - 10,000 to 25,000 | Closed | PANTOJA, CAROL | Defendant |
| CV-2020-1081 | 06: Unlimited Breach of Contract/Warranty | Closed | FCA US LLC | Defendant |
| PR-2020-146 | Decedent's Estate | Active | | |
| CV-2020-1004 | 06: Limited Breach of Contract/Warranty - under 10,000 | Active | DUTRA, WALTER J | Defendant |
| CV-2020-997 | 06: Unlimited Breach of Contract/Warranty | Active | CAPAY VALLEY CONNOISSEURS | Defendant |
| CV-2020-980 | 06: Limited Breach of Contract/Warranty - 10,000 to 25,000 | Closed | AVILA, JAVIER G. | Defendant |
| CV-2020-985 | 35: Unlimited Other non-PI/PD/WD Tort | Final | YOLO COUNTY DISTRICT ATTORNEY OFFICE | Defendant |
| PR-2020-137 | Other Probate With At Least One Hearing | Active | | |
| CV-2020-949 | 15: Unlimited Other Employment | Removed From Court's Control | NOR-CAL PIPELINE SERVICES, INC. | Defendant |
| CV-2020-937 | 23: Unlimited Other PI/PD/WD | Removed From Court's Control | PILOT TRAVEL CENTERS LLC | Defendant |
| PR-2020-121 | Conservatorship | Closed | CURD, WALTER | Defendant |
| CV-2020-912 | 15: Unlimited Other Employment | Closed | PIONEER HI-BRED INTERNATIONAL | Defendant |
| PR-2020-120 | Trust | Active | | |
| CV-2020-846 | 06: Unlimited Breach of Contract/Warranty | Closed | CORE ONE PROPERTIES, LLC | Defendant |
| CV-2020-799 | 22: Unlimited Auto | Closed | LEON, ESMERALDA MARTINEZ | Defendant |
| CV-2020-897 | 15: Unlimited Other Employment | Active | CENTRAL VALLEY BUILDERS SUPPLY | Defendant |
| CV-2020-895 | 22: Unlimited Auto | Closed | HILL'S PET NUTRITION | Defendant |
| PR-2020-107 | Decedent's Estate | Closed | | |
| CV-2020-750 | 23: Unlimited Other PI/PD/WD | Closed | PREMIER AG INC | Defendant |
| PR-2020-102 | Trust | Closed | | |
| CV-2020-731 | 22: Unlimited Auto | Closed | LYFT, INC. | Defendant |
| PR-2020-109 | Decedent's Estate | Closed | | |
| FL-2020-472 | Dissolution Without Minor Children | Closed | MONTES, ODALYS | Defendant |
| PR-2020-81 | Other Probate With At Least One Hearing | Closed | | |
| CV-2020-617 | 06: Unlimited Breach of Contract/Warranty | Active | ROMINGER, DANIEL | Defendant |
| CV-2020-619 | 06: Unlimited Breach of Contract/Warranty | Closed | TRICORP GROUP | Defendant |
| CV-2020-591 | 42: Unlimited Other Complaint (Not Spec) | Closed | MARTIN, CHRISTOPHER | Defendant |
| CV-2020-586 | 06: Unlimited Breach of Contract/Warranty | Active | B.N.W. LOGISTICS TRANSPORT, INC. | Defendant |
| CV-2020-524 | 42: Unlimited Other Complaint (Not Spec) | Closed | REEDY CREEK IMPROVEMENT | Defendant |
| CV-2020-507 | 22: Unlimited Auto | Closed | BARNETT-JOHNSON, RACHEL | Defendant |
| PR-2020-56 | Other Probate With No Hearing | Closed | | |
| CV-2020-409 | 42: Unlimited Other Complaint (Not Spec) | Closed | GALLAGHER, ADAM JAMES | Defendant |

| | | | | |
|---|---|---|---|---|
| PR-2020-36 | Other Probate With At Least One Hearing | Active | | |
| PR-2020-30 | Decedent's Estate | Closed | | |
| CV-2020-293 | 22: Unlimited Auto | Closed | O'BRIEN, ROSEMARY | Defendant |
| CV-2020-300 | 06: Limited Breach of Contract/Warranty - 10,000 to 25,000 | Closed | WIGGINS, ANNEMARIE E | Defendant |
| CV-2020-100 | 22: Limited Auto - 10,000 to 25,000 | Closed | MARTIN, BRIAN RONALD | Defendant |
| CV-2020-182 | 06: Limited Breach of Contract/Warranty - 10,000 to 25,000 | Closed | CALZADA, CESAR | Defendant |
| CV-2020-93 | 40: Unlimited Mass Tort | Removed From Court's Control | JUUL LABS INC | Defendant |
| CV-2020-119 | 06: Limited Breach of Contract/Warranty - 10,000 to 25,000 | Closed | SOLIS, MARICRUZ | Defendant |
| CV-2020-121 | 06: Limited Breach of Contract/Warranty - 10,000 to 25,000 | Closed | VOSHEVA, LYUDMILA | Defendant |
| CV-2020-185 | 06: Limited Breach of Contract/Warranty - 10,000 to 25,000 | Closed | CRONIN, THOMAS G | Defendant |
| CV-2020-57 | 06: Unlimited Breach of Contract/Warranty | Closed | T. B PENICK & SONS, INC | Defendant |
| CV-2020-55 | 32: Limited Residential Unlawful Detainer - under 10,000 | Closed | LOPEZ, JESUS | Defendant |
| CV-2020-17 | 06: Limited Breach of Contract/Warranty - 10,000 to 25,000 | Closed | BAKER, DEBRA | Defendant |
| PR-2019-255 | Trust | Closed | | |
| PR-2019-246 | Decedent's Estate | Closed | | |
| PR-2019-244 | Conservatorship | Closed | | |
| PR-2019-234 | Other Probate With At Least One Hearing | Closed | | |
| PR-2019-210 | Other Probate With At Least One Hearing | Active | OROPEZA-GRIMES, KELII | Defendant |
| PR-2019-194 | Other Probate With At Least One Hearing | Active | | |
| PR-2019-193 | Other Probate With No Hearing | Closed | | |
| FL-2019-1109 | Other Family Law | Active | CHOATE, AMY WOOD | Defendant |
| PR-2019-144 | Trust | Closed | | |
| PR-2019-136 | Conservatorship | Closed | | |
| PR-2019-134 | Trust | Closed | | |
| PR-2019-128 | Conservatorship | Closed | | |
| PR-2019-125 | Trust | Active | | |
| CV-2019-994 | 35: Unlimited Other non-PI/PD/WD Tort | Closed | WASHINGTON UNIFIED SCHOOL DISTRICT | Defendant |
| FL-2019-594 | Dissolution Without Minor Children | Closed | VOCKEL, TYLER | Defendant |
| CV-2019-883 | 22: Limited Auto - 10,000 to 25,000 | Closed | MCMULLEN, DUANE F | Defendant |
| CV-2019-782 | 06: Unlimited Breach of Contract/Warranty | Closed | FCA US LLC | Defendant |
| FL-2019-486 | Dissolution With Minor Children | Active | SIMONSEN, JOSEPH CHRISTIAN | Defendant |
| PR-2019-77 | Conservatorship | Active | | |
| PR-2019-78 | Decedent's Estate | Closed | | |
| CV-2019-681 | 32: Limited Residential Unlawful Detainer - under 10,000 | Closed | GILCHRIST, RILLIE | Defendant |
| FL-2019-419 | DV Prevention Without Minor Children | Closed | WINKLER, STEVE | Defendant |
| CV-2019-647 | 23: Unlimited Other PI/PD/WD | Closed | HAYKINGDOM INTERNATIONAL, INC | Defendant |
| CV-2019-579 | 42: Unlimited Other Complaint (Not Spec) | Closed | REGENTS OF THE UNIVERSITY OF CALIFORNIA | Defendant |
| CV-2019-616 | 06: Unlimited Breach of Contract/Warranty | Closed | FCA US, LLC | Defendant |
| PR-2019-62 | Decedent's Estate | Closed | | |
| CV-2019-553 | 06: Unlimited Breach of Contract/Warranty | Closed | YOUNG, ROBERT | Defendant |
| CV-2019-530 | 06: Limited Breach of Contract/Warranty - 10,000 to 25,000 | Closed | LAZZERINI, GUIDO | Defendant |
| CV-2019-532 | 06: Limited Breach of Contract/Warranty - 10,000 to 25,000 | Closed | WALKER, MARK | Defendant |
| PR-2019-49 | Guardianship | Closed | | |
| CV-2019-696 | 06: Unlimited Breach of Contract/Warranty | Closed | HERNDON, ROSANNA ELAINE | Defendant |
| PR-2019-16 | Decedent's Estate | Closed | | |
| PR-2019-6 | Guardianship | Closed | | |

| Case | Type | Status | Party | Role |
|---|---|---|---|---|
| CV-2019-77 | 06: Limited Breach of Contract/Warranty - 10,000 to 25,000 | Closed | ROWLAND, TISHANNA | Defendant |
| PR-2019-5 | Guardianship | Closed | | |
| FL-2018-1672 | Dissolution With Minor Children | Closed | DUARTE, JOSE LUIS | Defendant |
| PR-2018-246 | Decedent's Estate | Active | | |
| PR-2018-248 | Decedent's Estate | Final | | |
| PR-2018-226 | Trust | Active | | |
| PR-2018-211 | Decedent's Estate | Closed | | |
| PR-2018-201 | Decedent's Estate | Closed | | |
| FL-2018-934 | Dissolution Without Minor Children | Active | DUNSTON, DENNIS L | Defendant |
| PR-2018-147 | Other Probate With At Least One Hearing | Closed | | |
| PR-2018-144 | Conservatorship | Closed | | |
| PR-2018-113 | Other Probate With At Least One Hearing | Closed | | |
| PR-2018-103 | Other Probate With No Hearing | Closed | | |
| PR-2018-104 | Other Probate With At Least One Hearing | Closed | | |
| PR-2018-101 | Trust | Closed | | |
| PR-2018-94 | Guardianship | Closed | | |
| PR-2018-97 | Decedent's Estate | Closed | | |
| PR-2018-79 | Other Probate With At Least One Hearing | Active | | |
| PR-2018-75 | Trust | Closed | | |
| PR-2018-72 | Other Probate With At Least One Hearing | Active | | |
| FL-2018-314 | Dissolution Without Minor Children | Closed | CERIANI, MARY ELIZABETH | Defendant |
| FL-2018-313 | Dissolution With Minor Children | Closed | VOGT, GARY | Defendant |
| PR-2018-54 | Conservatorship | Closed | | |
| PR-2018-58 | Decedent's Estate | Closed | | |
| FL-2018-237 | Dept. of Child Support Services (DCSS) | Active | DE LOS SANTOS, SAMUEL | Defendant |
| PR-2018-49 | Decedent's Estate | Final | | |
| PR-2018-43 | Other Probate With At Least One Hearing | Closed | THE SHIRLEY W. ROLEWICZ IRREVOCABLE TRUST | Defendant |
| FL-2018-204 | Dissolution Without Minor Children | Closed | LADD, NATHAN | Defendant |
| FL-2018-206 | Dissolution Without Minor Children | Active | AGUDO, WILHELMINA | Defendant |
| PR-2018-37 | Conservatorship | Final | | |
| PR-2018-28 | Decedent's Estate | Closed | | |
| PR-2018-16 | Other Probate With At Least One Hearing | Closed | | |
| FL-2018-42 | Dissolution With Minor Children | Active | ARMSTRONG, BRIAN | Defendant |
| PR-2018-1 | Decedent's Estate | Closed | | |
| CV-2017-2152 | 15: Unlimited Other Employment | Closed | WAL-MART STORES INC | Defendant |
| CV-2017-2154 | 42: Unlimited Other Complaint (Not Spec) | Closed | GENERAL MILLS INC | Defendant |
| CV-2017-2123 | 26: Unlimited Other Real Property | Closed | KUVELIS, PLATO | Defendant |
| PR-2017-279 | Guardianship | Closed | | |
| CV-2017-2151 | 35: Unlimited Other non-PI/PD/WD Tort | Closed | CITY OF DAVIS | Defendant |
| CV-2017-2178 | 06: Limited Breach of Contract/Warranty - 10,000 to 25,000 | Final | ROTH BUILDING, LLC | Defendant |
| PR-2017-277 | Guardianship | Closed | | |
| CV-2017-2106 | 23: Unlimited Other PI/PD/WD | Closed | NUGGET MARKET INC | Defendant |
| CV-2017-2097 | 22: Unlimited Auto | Closed | WHITAKER, SHIREEN | Defendant |
| CV-2017-2076 | 42: Unlimited Other Complaint (Not Spec) | Closed | WAL-MART STORES, INC. | Defendant |
| CV-2017-2038 | 06: Limited Breach of Contract/Warranty - 10,000 to 25,000 | Closed | SMESTADMOEN, DAVE | Defendant |
| CV-2017-2059 | 06: Unlimited Breach of Contract/Warranty | Closed | KIA MOTORS OF AMERICA, INC. | Defendant |
| CV-2017-2069 | 06: Limited Breach of Contract/Warranty - 10,000 to 25,000 | Closed | BALDWIN, MICHELLE | Defendant |
| CV-2017-2033 | 42: Unlimited Other Complaint (Not Spec) | Closed | FPWP GP LLC | Defendant |
| FL-2017-1882 | Dissolution With Minor Children | Closed | RICO, LEAH | Defendant |

| Case | Description | Status | Party | Role |
|---|---|---|---|---|
| CV-2017-2042 | 06: Limited Breach of Contract/Warranty - 10,000 to 25,000 | Closed | DIAZ, MARTIN | Defendant |
| CV-2017-2021 | 23: Unlimited Other PI/PD/WD | Closed | LEMUS, JEFFREY | Defendant |
| FL-2017-1836 | DV Prevention With Minor Children | Closed | SINGH, PARMJIT | Defendant |
| PR-2017-267 | Trust | Closed | | |
| CV-2017-1971 | 22: Unlimited Auto | Closed | KOVALENKO, NATASHA | Defendant |
| CV-2017-2007 | 06: Limited Breach of Contract/Warranty - 10,000 to 25,000 | Final | THOMPSON, JENNIFER | Defendant |
| CV-2017-1931 | 35: Unlimited Other non-PI/PD/WD Tort | Closed | REGENTS OF THE UNIVERSITY OF CALIFORNIA | Defendant |
| PR-2017-259 | Decedent's Estate | Final | | |
| CV-2017-1950 | 06: Limited Breach of Contract/Warranty - 10,000 to 25,000 | Closed | CASTRO, SERGIO C. | Defendant |
| PR-2017-253 | Decedent's Estate | Final | | |
| CV-2017-1936 | 23: Unlimited Other PI/PD/WD | Closed | GUTIERREZ, RAYMUNDO | Defendant |
| CV-2017-1813 | 22: Unlimited Auto | Closed | REGAL HAULING LLC | Defendant |
| CV-2017-1907 | 06: Limited Breach of Contract/Warranty - 10,000 to 25,000 | Final | RICHARDSON, JENNIFER | Defendant |
| CV-2017-1910 | 06: Limited Breach of Contract/Warranty - 10,000 to 25,000 | Closed | SALANDEZ, VANESSA | Defendant |
| CV-2017-1794 | 42: Unlimited Other Complaint (Not Spec) | Closed | DUNBAR, DAVID | Defendant |
| CV-2017-1751 | 06: Unlimited Breach of Contract/Warranty | Active | ZWETSLOOT, NICHOLAS | Defendant |
| CV-2017-1747 | 06: Unlimited Breach of Contract/Warranty | Active | LEISER, MALCOLM | Defendant |
| CV-2017-1828 | 22: Unlimited Auto | Closed | ROTH, WILLIAM | Defendant |
| CV-2017-1839 | 06: Limited Breach of Contract/Warranty - 10,000 to 25,000 | Closed | MORALES, DAVID | Defendant |
| CV-2017-1729 | 35: Unlimited Other non-PI/PD/WD Tort | Closed | LAIRMORE, MICHAEL | Defendant |
| CV-2017-1737 | 23: Limited Other PI/PD/WD - 10,000 - 25,000 | Closed | KIMZEY WELDING WORKS | Defendant |
| PR-2017-237 | Other Probate With At Least One Hearing | Closed | | |
| PR-2017-236 | Other Probate With At Least One Hearing | Closed | | |
| CV-2017-1710 | 26: Unlimited Other Real Property | Closed | CHAVARRIA, SUSAN | Defendant |
| CV-2017-1701 | 26: Unlimited Other Real Property | Closed | DEUTSCHE BANK NATIONAL TRUST | Defendant |
| CV-2017-1690 | 35: Unlimited Other non-PI/PD/WD Tort | Closed | SALAS, ANTONIO ASCENCIO | Defendant |
| CV-2017-1694 | 23: Limited Other PI/PD/WD - 10,000 - 25,000 | Closed | JONES, STEVEN LEE | Defendant |
| CV-2017-1684 | 42: Unlimited Other Complaint (Not Spec) | Active | MORGAN, TINA | Defendant |
| CV-2017-1687 | 42: Unlimited Other Complaint (Not Spec) | Closed | COUNTY OF YOLO | Defendant |
| CV-2017-1774 | 06: Limited Breach of Contract/Warranty - 10,000 to 25,000 | Closed | BURCIAGA, SAMANTHA | Defendant |
| FL-2017-1624 | DV Prevention Without Minor Children | Closed | PETERSON, LORI | Defendant |
| FL-2017-1625 | DV Prevention Without Minor Children | Closed | PETERSON, DEREK | Defendant |
| PR-2017-229 | Trust | Opened | Holdener, Kayla | Defendant |
| CV-2017-1736 | 06: Limited Breach of Contract/Warranty - 10,000 to 25,000 | Closed | CHAVEZ, NANCY | Defendant |
| CV-2017-1738 | 06: Limited Breach of Contract/Warranty - 10,000 to 25,000 | Closed | NISTORENCO, NADEJDA | Defendant |
| FL-2017-1671 | Dissolution With Minor Children | Closed | RAMIREZ-TATE, ELSY GHISLELI | Defendant |
| CV-2017-1631 | 06: Unlimited Breach of Contract/Warranty | Closed | ALLSTATE INSURANCE COMPANY | Defendant |
| CV-2017-1658 | 06: Limited Breach of Contract/Warranty - 10,000 to 25,000 | Closed | SANTOS, CARLOS | Defendant |
| PR-2017-221 | Other Probate With No Hearing | Closed | | |
| CV-2017-1592 | 15: Unlimited Other Employment | Closed | DIGNITY HEALTH | Defendant |
| CV-2017-1576 | 32: Limited Residential Unlawful Detainer - under 10,000 | Closed | STANLEY, DEANA | Defendant |
| CV-2017-1614 | 06: Limited Breach of Contract/Warranty - 10,000 to 25,000 | Final | CRARY, CLINTON L | Defendant |
| CV-2017-1538 | 35: Unlimited Other non-PI/PD/WD Tort | Closed | MOORE, EMMETT | Defendant |
| PR-2017-213 | Decedent's Estate | Final | | |
| CV-2017-1496 | 42: Unlimited Other Complaint (Not Spec) | Closed | BELLARD, CLEVELAND, Jr. | Defendant |

| CV-2017-1485 | 06: Unlimited Breach of Contract/Warranty - 10,000 to 25,000 | Closed | TJOKROSOEHARTO, BUDY | Defendant |
| CV-2017-1470 | 06: Unlimited Breach of Contract/Warranty | Closed | HOBLIT CHRYSLER JEEP DODGE | Defendant |
| PR-2017-209 | Decedent's Estate | Closed | | |
| CV-2017-1442 | 15: Unlimited Other Employment | Closed | TRANSDEV SERVICES, INC. | Defendant |
| CV-2017-1435 | 06: Limited Breach of Contract/Warranty - 10,000 to 25,000 | Closed | MASON, ELIZABETH | Defendant |
| CV-2017-1390 | 32: Limited Residential Unlawful Detainer - under 10,000 | Closed | FERNANDEZ, JAVIER | Defendant |
| CV-2017-1391 | 06: Unlimited Breach of Contract/Warranty | Closed | ANDREWS, FRANK J., Jr. | Defendant |
| CV-2017-1366 | 06: Unlimited Breach of Contract/Warranty | Closed | FORD MOTOR COMPANY | Defendant |
| CV-2017-1368 | 06: Unlimited Breach of Contract/Warranty | Final | ZIELESCH FARMS, INC. | Defendant |
| CV-2017-1420 | 23: Unlimited Other PI/PD/WD | Closed | IDLE WHEEL MOBILE ESTATES, MANAGEMENT CORP | Defendant |
| PR-2017-195 | Other Probate With At Least One Hearing | Active | | |
| CV-2017-1345 | 26: Unlimited Other Real Property | Closed | THE BANK OF NEW YORK MELLON | Defendant |
| CV-2017-1362 | 06: Limited Breach of Contract/Warranty - 10,000 to 25,000 | Closed | BOWDOIN, ROXANNE | Defendant |
| PR-2017-193 | Decedent's Estate | Final | | |
| CV-2017-1337 | 42: Unlimited Other Complaint (Not Spec) | Closed | ZAMBRANO, ALEJANDRO | Defendant |
| PR-2017-192 | Other Probate With At Least One Hearing | Active | | |
| FL-2017-1298 | Dept. of Child Support Services (DCSS) | Closed | SY, HANYAN KEITH PALENCIA | Defendant |
| CV-2017-1290 | 42: Unlimited Other Complaint (Not Spec) | Closed | GUTIERREZ, MARY | Defendant |
| PR-2017-182 | Other Probate With At Least One Hearing | Closed | | |
| CV-2017-1258 | 10: Unlimited Construction Defect | Active | CENTEX HOMES | Defendant |
| CV-2017-1251 | 32: Limited Residential Unlawful Detainer - under 10,000 | Closed | PETERSON, DEREK | Defendant |
| CV-2017-1267 | 06: Limited Breach of Contract/Warranty - 10,000 to 25,000 | Closed | A&K TRANSPORT LLC | Defendant |
| FL-2017-1261 | Dissolution Without Minor Children | Closed | WARREL, PATRICIA LEAH | Defendant |
| CV-2017-1216 | 06: Limited Breach of Contract/Warranty - 10,000 to 25,000 | Closed | MCKINNON, DANIELLE ROSS | Defendant |

|◄ ◄ | 1 | ► ►|    200▼ items per page                        1 - 199 of 199 items

## ▼ SINGH, SANJIV N

Cases (1)
Judgments (0)

### Cases

| Case Number | Type | Status | Party Name | Party Type |
|---|---|---|---|---|
| CV-2020-986 | 06: Unlimited Breach of Contract/Warranty | Active | M7 REGULATED, INC | Defendant |

© 2022 Tyler Technologies, Inc. | All Rights Reserved
Version: 2017.1.28.1

EMPOWERED BY TYLER TECHNOLOGIES